UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| DDR DEL SOL LLC, S.E., Successor in interest to BY Ventures, S.E., <br><br>  Plaintiff, <br><br> v. <br><br> CAJUN AND GRILL OF AMERICA, INC., <br><br>  Defendant. | Civil No. 3:15-CV-01111 (JAF) |

# **O R D E R**

The matter is before the court on Plaintiff DDR Del Sol, LLC, S.E.'s ("DDR Del Sol") motion for reconsideration of our Opinion and Order denying DDR Del Sol's Motion for Summary Judgment (ECF No. 46), filed on November 4, 2015. As of the date of this Order, Defendant Cajun and Grill of America, Inc. has failed to respond in opposition to the motion for reconsideration. After carefully examining the relevant law, the court GRANTS Plaintiff's motion for reconsideration. Further, for the foregoing reasons, the court reverses its previous order denying summary judgment and now GRANTS Plaintiff DDR Del Sol's Motion for Summary Judgment as there is no longer a question of material fact.

## **Law and Analysis**

Plaintiff DDR Del Sol moved pursuant to Fed. R. Civ. P. 59(e) for this court to reconsider its order denying summary judgment. "Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence." *Prescott v. Higgins*, 538 F.3d 32, 45 (1st Cir.2008) (quoting *Kansky v. Coca–Cola Bottling Co. of*

*New Eng.*, 492 F.3d 54, 60 (1st Cir. 2007)). "[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly". *Villanueva-Mendez v. Nieves Vazquez*, 360 F. Supp. 2d 320, 324 (D.P.R. 2005) aff'd sub nom. *Villanueva-Mendez v. Nieves-Vazquez*, 440 F.3d 11 (1st Cir. 2006) (citation omitted). "A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Id.* (citation omitted).

Because we denied summary judgment on the grounds that a genuine question of material fact exists as to the payment plan contained in Schedule B, an issue not previously briefed by the parties, and the parties have now had the opportunity to fully brief the issue, the court GRANTS Plaintiff DDR Del Sol's Motion for Reconsideration in order to review the evidence that has since been presented to the court regarding Schedule B.

On November 4, 2015, Plaintiff DDR Del Sol provided the court with the documents supporting its argument that the totality of the payment plan in Schedule B constitutes accrued "Rent" and is not subject to the 2011 Lease termination. Defendant Cajun and Grill of America was given ample time to brief its response in opposition to Plaintiff DDR Del Sol's argument, yet it did not oppose the motion. Because we believe that both parties have had an opportunity to address the matter before the court, we will now return to the merits of Plaintiff DDR Del Sol's motion for summary judgment and the supplemental briefing.

## The Balance of the Delinquency in Schedule B

Previously we held summary judgment was not proper because there exists a genuine question of material fact as to what makes up the balance of the delinquency in Schedule B. The evidence now shows that Schedule B, the payment plan for $368,812 attached to the 2009 Modification of the 1998 Lease, is comprised of $266,189.84 owed as of July 9, 2009, under the 1998 Lease, and $121,557.95 owed as of July 9, 2009, under the Suki Hana Lease, less a discount of $18,935.[1]

Plaintiff DDR Del Sol argues that the amount in Schedule B classifies as Additional Rent exempt from the 2011 Lease.  As we previously stated, Additional Rent under the terms of the 2011 Lease includes Percentage Rent, taxes, Common Area Charge, utility charges that are not separately metered, fixed marketing charge, Food Court Marketing Charge, Food Court Operating Costs, Insurance Expenses, and *unpaid rent, additional rent, costs and damages incurred under the 1998 Lease*.  Plaintiff DDR Del Sol argues that the delinquency related to the Suki Hana Lease became payable under the 1998 Lease under the terms of the 2009 Modification. Upon further review of the terms of the 2009 Modification, the 1998 Lease, and the 2011 Lease, we agree with Plaintiff DDR Del Sol.

Section 12.25(g) of the 1998 Lease defines all delinquencies as "Minimum Rent":

> Landlord shall have the same remedies for Tenant's failure to make any and all payments required to be made by Tenant hereunder [including, but not limited to, Percentage Rent, Operating Costs, Taxes, Marketing Charges, separate trash removal charges, cooperative advertising and all other charges and all advances, damages, expenditures, late fees, administrative

---

[1] The discount reduced the Minimum Rent from $16,230 to $13,525 for seven months.

> charges, fines, additional rent, security deposit reimbursements and Interest] as for failure to pay Minimum Rent, as if, for purposes of such remedies, all of the foregoing were deemed part of Minimum Rent. Specific references to this point elsewhere in this Lease shall not limit the generality of this paragraph.

The 2009 Modification then incorporated the delinquencies of both the 1998 Lease and the Suki Hana Lease into Schedule B, an obligation of the tenant, thereby making the amount owed under Schedule B, regardless of its genesis, "Minimum Rent" under the terms of the 1998 Lease. Accordingly, all of the delinquent charges incorporated into the payment plan are deemed part of Minimum Rent, i.e., within the meaning of "Rent" under the 1998 Lease, as amended, and excluded from termination under the 2011 Lease.

## **Attorney's Fees**

Having found that the entire payment plan in Schedule B of the 2009 Modification is exempt from the termination of the 1998 Lease, we must continue our analysis of Plaintiff DDR Del Sol's motion for summary judgment. In addition to the $227,434.22 in past due rent owed under the payment plan, Plaintiff DDR Del Sol requests $40,233 in attorneys' fees and $3,647.26 in costs incurred during the litigation of this matter and the case pending in the Court of First Instance between DDR Del Sol and the tenant, IRMG. There is no dispute that Defendant Cajun and Grill of America, Inc. guaranteed the payments set forth in Schedule B of the 2009 Modification. Defendant argues, however, that it is not obligated to pay the attorneys' fees and costs incurred by DDR Del Sol in litigating the matter in state court against the tenant IRMG.

The Guaranty states, in pertinent part:

> [T]he undersigned, jointly and severally among themselves and with Tenant, hereby guarantee(s) to Landlord (a) the full and prompt payment of the Rent, additional rent and any and all other sums payable by Tenant under the Lease, and (b) the full and timely performance and observance of all terms and conditions to be performed and observed by Tenant under the Lease: and the undersigned, jointly and severally among themselves and with Tenant, hereby covenant(s) and agree(s) to and with Landlord that if default shall at any time be made in (i) the payment, when due, of any or (ii) Rent, additional rent and/or other sums payable under the Lease, or (iii) the prompt performance and observance of any of the terms or conditions contained in the Lease, the undersigned shall forthwith pay such Rent, additional rent and/or other sums (and any arrears of any of the same) to Landlord and shall forthwith perform and fulfill all of such terms and conditions of the Lease, and shall forthwith pay to Landlord all damage; that may arise in consequence of any default by Tenant under the Lease, including (without limitation) *all attorneys' fees and disbursements incurred by Landlord in connection with any such default and/or in connection with the enforcement of the Lease and/or this Guaranty*, whether or not suit be brought (and if suit be brought, through all appellate actions and proceedings, if any.)

(ECF No. 15-4 at 13) (emphasis added). "[W]hen a contractual fee provision is included by the parties, the question of what fees are owed is ultimately one of contract interpretation, and our primary obligation is simply to honor the agreement struck by the parties." *AccuSoft Corp. v. Palo*, 237 F.3d 31, 61 (1st Cir. 2001) (citation and internal quotation marks omitted). "[I]nterpreting agreements and their scope is a matter of state contract law." *Fábrica de Muebles J.J. Álvarez, Inc. v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 33 (1st Cir.2012).

Under the terms of the Guaranty, Defendant Cajun and Grill of America, Inc., is obligated to pay Plaintiff DDR Del Sol all attorneys' fees associated with the enforcement of the 1998 Lease, as amended, and the Guaranty. However, the court may read into the contract a requirement that the requested fees be reasonable. We find that

Plaintiff DDR Del Sol is entitled to attorneys' fees and costs pursuant to the terms of the Guaranty. The amount of the award, however, remains to be determined.

Plaintiff DDR Del Sol shall move for attorneys' fees within fourteen (14) days of this order and in compliance with Fed. R. Civ. P. 54.

## **Conclusion**

For the aforementioned reasons, the court GRANTS Plaintiff DDR Del Sol's motion for reconsideration (ECF No. 46), reverses its earlier finding that a genuine question of material fact remains (ECF No. 44), and GRANTS summary judgment against Defendant Cajun and Grill of America, Inc., in the amount of $227,434.22 in past due rent owed under the payment plan, plus interest, late charges, and reasonable attorneys' fees incurred (ECF No. 18).

Judgment in favor of Plaintiff DDR Del Sol, S.E. will be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of December, 2015.

                                                S/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                U. S. DISTRICT JUDGE